# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

---

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | (For **Revocation** of Probation or Supervised Release) |
| v. | Case Number:  03-cr-00453-EWN-01 |
| | USM Number:  32153-013 |
| PIERRE ROSARIO-MOORE | Janine Yunker, AFPD |
| | (Defendant's Attorney) |

**THE DEFENDANT:** Admitted guilt to violations 4 and 5, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 4 | Failure to Participate in Drug/Mental Health Treatment as Directed by the Probation Officer (Counseling) | 7/13/05 |
| 5 | Violation of the Law | 8/3/05 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has not committed violations 1, 2, and 3 and is discharged as to such violations.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

March 10, 2006
Date of Imposition of Judgment

s/ Edward W. Nottingham
Signature of Judge

Edward W. Nottingham, U.S. District Judge
Name & Title of Judge

March 14, 2006
Date

DEFENDANT:  PIERRE ROSARIO-MOORE
CASE NUMBER:  03-cr-00453-EWN-01                                    Judgment-Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 24 months.

The court recommends that the Bureau of Prisons credit defendant with 30 days time spent  in official detention prior to revocation of supervised release and designate the defendant to a Federal Medical Center.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT:  PIERRE ROSARIO-MOORE
CASE NUMBER:  03-cr-00453-EWN-01                                    Judgment-Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall serve a term of one (1) year on supervised release.  Within seventy-two hours of his release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which he is released.

The defendant shall not possess any firearm, destructive device, or any other dangerous weapon, as defined by federal or state statute.

The defendant shall not illegally possess or use controlled substances.

The defendant shall submit to one drug test within fifteen days of his release and two periodic drug tests thereafter, the exact timing of all such tests to be determined by the probation officer.

The defendant shall not commit a federal, state, or local crime.

The defendant cooperated with the collection of DNA on August 8, 2005.

The defendant shall observe the fourteen "standard" conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the following page.

## STANDARD CONDITIONS OF SUPERVISION

1)     The defendant shall not leave the judicial district without the permission of the court or probation officer.

2)     The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

3)     The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4)     The defendant shall support his dependents and meet other family responsibilities.

5)     The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.

6)     The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7)     The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8)     The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

DEFENDANT:  PIERRE ROSARIO-MOORE
CASE NUMBER:  03-cr-00453-EWN-01                                    Judgment-Page 4 of 6

9)      The defendant shall not associate with any persons engaged in criminal activity and shall not
        associate with any person convicted of a felony, unless granted permission to do so by the
        probation officer.

10)     The defendant shall permit a probation officer to visit him at any time at home or elsewhere
        and shall permit confiscation of any contraband observed in plain view by the probation officer.

11)     The defendant shall notify the probation officer within seventy-two hours of being arrested or
        questioned by a law enforcement officer.

12)     The defendant shall not enter into any agreement to act as an informer or a special agent of a
        law enforcement agency without the permission of the court.

13)     As directed by the probation officer, the defendant shall notify third parties of risks that may be
        occasioned by the defendant's criminal record or personal history or characteristics, and shall
        permit the probation officer to make such notifications and to confirm the defendant's
        compliance with such notification requirement.

14)     The defendant shall provide the probation officer with access to any requested financial
        information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1)      Defendant shall participate in a program of testing and treatment for drug abuse, as directed
        by the probation officer, until such time as defendant is released from the program by the
        probation officer.  Defendant shall abstain from the use of alcohol or other intoxicants during
        the course of treatment.  Defendant shall be required to pay the costs of treatment as directed
        by the probation officer.

2)      Defendant shall participate in a program for mental health treatment, as directed by the
        probation officer, until he is released from that program by the probation officer.  He shall pay
        all costs of such treatment.  The court authorizes the probation officer to release to the
        treatment agency all psychological reports and/or the presentence report, for continuity of
        treatment.

3)      Defendant is to remain medication compliant and take all medications prescribed by the
        defendant's treating physician, until the medication is modified or discontinued by the
        physician.  If necessary, the defendant is to submit to medication monitoring and random drug
        tests or any other diagnostic tests deemed necessary by the defendant's treating physician,
        psychiatrist or probation officer in order to maintain a therapeutic level of all prescribed
        medications.

DEFENDANT:  PIERRE ROSARIO-MOORE
CASE NUMBER:  03-cr-00453-EWN-01

## MONETARY OBLIGATIONS

The defendant shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| **TOTALS** | *$100.00 | $0.00 | $0.00 |

*The defendant shall pay the remaining balance of the special assessment in the amount of $50.00.

DEFENDANT:  PIERRE ROSARIO-MOORE
CASE NUMBER:  03-cr-00453-EWN-01                    Judgment-Page 6 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations shall be due as follows:

The defendant shall pay the remaining balance of the special assessment in the amount of $50.00 during the period of supervision.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment.